IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TECHRADIUM, INC.<br>    Plaintiff<br><br>v.<br><br>TWITTER, INC.<br>    Defendant | § § § § § § § § § | Civil Action No._____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes Now **TECHRADIUM, INC**., complaining of **TWITTER INC**., and for cause of action respectfully shows as follows:

### PARTIES

1. Plaintiff **TECHRADIUM, INC**. is a Texas Corporation with its principal place of business in Sugar Land, Texas.

2. Defendant **TWITTER, INC**. is a Delaware corporation with its principal place of business in San Francisco, California. It may be served with process by serving its registered agent for service of process, Jack Dorsey at 539 Bryant St., Suite 402, San Francisco, California 94107-1269, or wherever he may be found.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in the Southern District of Texas and in the State of Texas, and has committed acts of patent infringement in the Southern District of Texas.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claims arise under federal laws relating to patents and unfair competition.

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the Defendant is subject to personal jurisdiction in this judicial district, it regularly conducts business in this judicial district, and certain acts complained of herein occurred in this district.

**FACTS**

6. TechRadium develops, sells, and services mass notification systems that allow a group administrator or "message Author" to originate a single message that will be delivered simultaneously via multiple communication gateways to members of a group of "message Subscribers." A member of a subscriber group can receive such message in their choice of any combination of voice message, text message e-mail and so on. This technology is patented by the Plaintiff, TechRadium, and marketed under the trade name "IRIS"™ (Immediate Response Information System). Among other things, the patented IRIS™ technology eliminated the need for an Author to send multiple identical messages, and allowed Subscribers to select the most convenient form of notification for them.

7. Using prior technology to send a single message through multiple communication gateways would require the Author to send the message multiple times— once through each communication gateway. For instance, if one Subscriber chose to be notified via text message, and another Subscriber chose to be notified vie e-mail, then at

least two separate messages would have to be originated by the Author. Additionally, this prior technology did not allow a Subscriber to select their preferred method of notification.

8. TechRadium's patented IRIS™ product includes an administrator interface through which the Author originates a message. This interface can include a converter for translating the message into the language selected by the Subscriber and a converter for translating text into voice for voice messages. It also has a database for storing the contact device information of the Subscriber, priority for each selected device, and language preference. The database allows for the grouping of certain Subscribers (e.g., parents of all ninth graders) and the priority order for contacting such groups. This technology also has the capability to generate response data that sends a message back to the Author confirming whether the message was successfully delivered or not, and the time and date of the delivery or attempted delivery. The Author initiates the distribution of the message using the Subscriber grouping information, Subscriber priority information, and the Subscriber priority order and the message is then transferred through at least two industry standard gateways simultaneously to the various Subscribers.

9. TechRadium is the owner of United States Patent Nos. 7,130,389, issued on October 31, 2006 ('389 Patent), and 7,496,183, issued on February 24, 2009 ('183 Patent), and 7,519,165, issued on April 14, 2009 ('165 Patent). The IRIS™ system marketed by TechRadium incorporates claims included in each of these patents. A copy of each of these patents is attached as Exhibits A, B and C, respectively.

10. On information and belief, Defendant, Twitter, makes, uses, sells, or otherwise provides throughout United States and within the geographical area covered by

the United States District Court for the Southern District of Texas the systems and methods described by the claims in the '389, '183 and '165 Patents.

**CLAIM FOR INFRINGEMENT OF THE '389 PATENT**

11. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

12. The '389 Patent describes technology for a digital notification and response system that utilizes an administrator (Author) interface to transmit a message from an administrator to a user (Subscriber) contact device. A copy of the '389 Patent is attached hereto as Exhibit A.

13. The '389, Patent is valid and enforceable.

14. Defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '389 Patent by using, selling and offering for use or sale products and services within this judicial district and in the United States utilizing TechRadium's patented technology. Defendant is offering for sale or use, or selling or using these products without license or authority from TechRadium. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These actions by the Defendant are in violation of 35 U.S.C. § 271.

**CLAIM FOR INFRINGEMENT OF THE '183 PATENT**

15. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

16. The '183 Patent describes technology for a digital notification and

response system that utilizes an administrator interface to transmit a message from an administrator to a user contact device. A copy of the '183 Patent is attached hereto as Exhibit B.

17. The '183, Patent is valid and enforceable.

18. Defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '183 Patent by using, selling and offering for use or sale products and services within this judicial district and in the United States utilizing TechRadium's patented technology. Defendant is offering for sale or use, or selling or using these products without license or authority from TechRadium. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These actions by the Defendant are in violation of 35 U.S.C. § 271.

**CLAIM FOR INFRINGEMENT OF THE '165 PATENT**

19. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

20. The '165 Patent describes technology for a digital notification and response system that utilizes an administrator interface to transmit a message from an administrator to a user contact device. A copy of the '165 Patent is attached hereto as Exhibit C.

21. The '165, Patent is valid and enforceable.

22. Defendant has and continues to infringe, contributorily infringe or actively induce the infringement of the '165 Patent by using, selling and offering for use or sale products and services within this judicial district and in the United States utilizing

TechRadium's patented technology. Defendant is offering for sale or use, or selling or using these products without license or authority from TechRadium. The claims of the patent are either literally infringed or infringed under the doctrine of equivalents. These actions by the Defendant are in violation of 35 U.S.C. § 271.

## ALLEGATIONS COMMON TO ALL COUNTS OF INFRINGEMENT

23. Upon information and belief, Plaintiff alleges that the infringement by Defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

24. Upon information and belief, Plaintiff further alleges that the actions of Defendant have resulted in substantial lost profits to the extent that this technology was licensable by Plaintiff, substantial unjust profits and unjust enrichment to the Defendant, all in amounts yet to be determined. Plaintiff at all times has been and is now willing to grant licenses to qualified parties, including Defendant, for the use of its patented technology, at a reasonable royalty rate. Defendant's actions have caused and are continuing to cause irreparable harm to Plaintiff unless enjoined by the Court.

## DAMAGES

25. As a result of Defendant's actions, Plaintiff has suffered actual and consequential damages; however, Plaintiff does not yet know the full extent of such infringement and such extent cannot be ascertained except by discovery and special accounting. To the fullest extent permitted by law, Plaintiff seeks recovery of damages for lost profits, reasonable royalties, unjust enrichment, and benefits received by the Defendant as a result of use the misappropriated technology, and any other damages to

which it may be entitled in law or in equity.

26.     Plaintiff's injury was caused by Defendant's gross negligence, malice, or actual fraud.  In addition, Defendant's conduct was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights.  Plaintiff is therefore entitled to and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEYS FEES

27.     Plaintiff is entitled to recover reasonable and necessary attorneys fees under applicable law.

## CONDITIONS PRECEDENT

28.     All conditions precedent to Plaintiff's right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

29.     Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

   a.     Actual economic damages;

b. Exemplary treble damages as allowed by law;

c. Permanent injunction;

d. Attorney fees;

e. Pre-judgment and post-judgment interest as allowed by law;

f. Costs of suit; and

g. All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

 /s/    *W. Shawn Staples*
W. Shawn Staples ▪ TBN 00788457
The Mostyn Law Firm
200 Westcott ▪ Houston, Texas 77007
Tel: 713-861-6616 ▪ Fax: 713-861-8084
Email: wsstaples@mostynlaw.com
Attorneys For Plaintiff, TechRadium, Inc.