## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TECHRADIUM, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | NO.      4:09-cv-02490 |
| | § | |
| **TWITTER, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT TWITTER, INC.'S ANSWER TO
### PLAINTIFF TECHRADIUM, INC.'S ORIGINAL COMPLAINT

Defendant Twitter, Inc. ("Twitter"), by and through its attorneys hereby answers the

Complaint filed by TechRadium, Inc. ("TechRadium") as follows:

### THE PARTIES

1.      Twitter is without sufficient knowledge or information to form a belief as to

the truth of the allegations in Paragraph 1 and therefore denies them.

2.      Admitted.

### JURISDICTION AND VENUE

3.      Twitter admits that individuals in the Southern District of Texas may access

the Twitter system, but denies all other allegations of paragraph 3.

4.      Twitter admits that this Court has subject matter jurisdiction of this action

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Twitter admits venue is proper under 28 U.S.C. § 1391(b) and 1400(b) but

denies all other allegations of Paragraph 5.

# FACTS

6.      Twitter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.      Twitter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8.      Twitter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.      Twitter admits that U.S. Patent No. 7,130,398 ("the '389 Patent) lists TechRadium as assignee and October 31, 2006 as the issue date. Twitter admits that U.S. Patent No. 7,496,183 ("the '183 Patent") lists TechRadium as assignee and February 24, 2009 as the issue date.  Twitter admits that U.S. Patent No. 7,519,165 ("the '165 Patent") lists TechRadium as assignee and April 14, 2009 as the issue date.  Twitter denies all other allegations of Paragraph 9.

10.      Twitter denies the allegations of Paragraph 10.

## CLAIM FOR INFRINGEMENT OF THE '389 PATENT

11.      Twitter incorporates the foregoing responses by reference as if fully set forth below.

12.      Twitter admits that Exhibit A purports to be a copy of the '389 Patent, but lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore denies them.

13.      Twitter denies the allegations of Paragraph 13..

14.      Twitter denies the allegations of Paragraph 14.

/ /

## CLAIM FOR INFRINGEMENT OF THE '183 PATENT

15.     Twitter incorporates the foregoing responses by reference as if fully set forth below.

16.     Twitter admits that Exhibit B purports to be a copy of the '183 Patent, but lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies them.

17.     Twitter denies the allegations of Paragraph 17.

18.     Twitter denies the allegations of Paragraph 18.

## CLAIM FOR INFRINGEMENT OF THE '165 PATENT

19.     Twitter incorporates the foregoing responses by reference as if fully set forth below.

20.     Twitter admits that Exhibit C purports to be a copy of the '165 Patent, but lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 20, and therefore denies them.

21.     Twitter denies the allegations of paragraph 21.

22.     Twitter denies the allegations of Paragraph 22.

## ALLEGATIONS COMMON TO ALL COUNTS OF INFRINGEMENT

23.     Twitter denies the allegations of Paragraph 23.

24.     Twitter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

## DAMAGES

25.     Twitter denies the allegations of Paragraph 25.

26.     Twitter denies the allegations of Paragraph 26.

## ATTORNEYS FEES

27.     Twitter denies the allegations of Paragraph 27.

## CONDITIONS PRECEDENT

28.     Twitter is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity of the '389 Patent)

29.     The '389 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the '183 Patent)

30.     The '183 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity of the '165 Patent)

31.     The '165 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '389 Patent)

32.     Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '389 Patent, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '183 Patent)

33.     Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '183 Patent, either literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement of the '165 Patent)

34.     Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '165 Patent, either literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

35.     Plaintiffs' claim for damages is barred, in whole or in part, by 35 U.S.C. § 287 and/or Plaintiff's failure to plead notice thereunder.

/ /

/ /

/ /

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

36.     Twitter reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.  Twitter reserves and does not waive any additional defenses that need not be pled as affirmative defenses.

37.     All allegations in the Complaint, explicit or implicit, are denied to the extent those allegations are not expressly admitted herein.

## PRAYER FOR RELIEF AS TO PLAINTIFFS' COMPLAINT

Twitter prays that the following relief and judgment be granted against Plaintiffs:

A.    Dismissing Plaintiff's Complaint with prejudice;

B.    Declaring that Plaintiff recover nothing from Twitter;

D.    Awarding Twitter its attorneys' fees and costs, including expert witness fees; and

E.    Granting Twitter such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Defendant Twitter, by and through its undersigned counsel, hereby brings the following counterclaims against the Plaintiff-Counterclaim Defendant as follows:

## THE PARTIES

1.     Defendant and Counterclaimant Twitter is a business organized and existing under the laws of Delaware.

/ /

/ /

2.     Plaintiff-Counterclaim Defendant has alleged in Paragraph 1 of the Complaint that it is a Texas Corporation with its principal place of business in Sugar Land, Texas.

3.     On information and belief, Plaintiff-Counterclaim Defendant is the owner of the '389, '183 and '165 Patents.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201

5.     Personal jurisdiction over the Plaintiff-Counterclaim Defendant is proper because Plaintiff-Counterclaim Defendant resides within this judicial district.  Additionally, by initiating this suit for patent infringement in this Court, Plaintiff-Counterclaim Defendant has consented to personal jurisdiction.

6.     Plaintiff has alleged in paragraph 5 of the Complaint that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.     There is an actual controversy between Twitter and Plaintiff-Counterclaim Defendant regarding the validity and infringement of the '389, '183, and '165 Patents.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '389 Patent)

8.     Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-7 of the Counterclaims as though set forth fully herein.

9.      Plaintiff-Counterclaim Defendant has alleged in Paragraph 14 of the Complaint that Twitter has infringed and continues to infringe the '389 Patent.

10.     Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '389 Patent, either literally or under the doctrine of equivalents.

11.     Twitter seeks, and is entitled to, a declaration from this Court that Twitter has not and does not infringe any claim of the '389 Patent.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of the '183 Patent)

12.     Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-7 of the Counterclaims as though set forth fully herein.

13.     Plaintiff-Counterclaim Defendant has alleged in Paragraph 18 of the Complaint that Intuit has infringed and continues to infringe the '183 Patent.

14.     Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '183 Patent, either literally or under the doctrine of equivalents.

15.     Twitter seeks, and is entitled to, a declaration from this Court that Twitter has not and does not infringe any claim of the '183 Patent.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of the '165 Patent)

16.     Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-7 of the Counterclaims as though set forth fully herein.

17.    Plaintiff-Counterclaim Defendant has alleged in Paragraph 22 of the Complaint that Intuit has infringed and continues to infringe the '165 Patent.

18.    Twitter has not infringed and does not infringe, either directly, contributorily, or by inducement, any claim of the '165 Patent, either literally or under the doctrine of equivalents.

19.    Twitter seeks, and is entitled to, a declaration from this Court that Twitter has not and does not infringe any claim of the '165 Patent.

## FOURTH COUNTERCLAIM

### (Declaration of Invalidity of the '389 Patent)

20.    Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-19 of the Counterclaims as though set forth fully herein.

21.    Upon information and belief, the '389 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

22.    Twitter seeks, and is entitled to, a declaration from this Court that the '389 Patent is invalid.

## FIFTH COUNTERCLAIM

### (Declaration of Invalidity of the '183 Patent)

23.    Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-19 of the Counterclaims as though set forth fully herein.

24.    Upon information and belief, the '183 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code

of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

25.     Twitter seeks, and is entitled to, a declaration from this Court that the '183 Patent is invalid.

## SIXTH COUNTERCLAIM

### (Declaration of Invalidity of the '165 Patent)

26.     Twitter incorporates by reference each and every allegation set forth above in Paragraphs 1-19 of the Counterclaims as though set forth fully herein.

27.     Upon information and belief,  the '183 Patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37 Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102, 103, and 112.

28.     Twitter seeks, and is entitled to, a declaration from this Court that the '183 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterclaimant Twitter prays, in addition to the relief sought above with regard to Plaintiffs' Complaint, that the following relief and judgment be granted against Plaintiff-Counterclaim Defendant:

A.     Declaring that Twitter has not infringed, either directly or indirectly, any valid claim of the '389, '183 or '165 Patents;

B.     Declaring that the '389, '183 or '165 Patents are invalid;

C.     Enjoining Plaintiff-Counterclaim Defendant, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from

charging or asserting infringement of any claim of the '389, '183 or '165 Patents against

Twitter;

     D.   Awarding Twitter its full costs (including expert witness fees) and reasonable

attorneys' fees; and

     E.   Granting Twitter such additional and further relief as this Court deems just and

proper.

## JURY DEMAND

     Defendant-Counterclaimant Twitter hereby demands a trial by jury on all issues.


Dated: October 1, 2009               Respectfully submitted,


                              Tyler A. Baker, Texas Bar No. 01595600
                              Fenwick & West LLP
                              Silicon Valley Center
                              801 California Street
                              Mountain View, CA 94041
                              Telephone:  (650) 988-8500
                              Facsimile:   (650) 938-5200
                              Email:  tbaker@fenwick.com

                              ATTORNEYS FOR DEFENDANT
                              TWITTER, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2009, I directed that the foregoing document be electronically filed with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Tyler A. Baker*

Tyler A. Baker