**YORK'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC., | ) | CASE NO: CA-H-06-262 |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | |
| | ) | Houston, Texas |
| YORK SOUTHERN, INC., ET AL., | ) | |
| | ) | Thursday, June 7, 2007 |
| Defendants. | ) | (2:56 p.m. to 5:01 p.m.) |

HEARING

BEFORE THE HONORABLE NANCY F. ATLAS,
UNITED STATES DISTRICT JUDGE

EXCEPTIONAL REPORTING SERVICES, INC
14493 S PADRE ISLAND DRIVE
#A-400
CORPUS CHRISTI, TX 78418-5940
361 949-2988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC., | ) | CASE NO: CA-H-06-262 |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | |
| | ) | Houston, Texas |
| YORK SOUTHERN, INC., ET AL., | ) | |
| | ) | Thursday, June 7, 2007 |
| Defendants. | ) | (2:56 p.m. to 5:01 p.m.) |

HEARING

BEFORE THE HONORABLE NANCY F. ATLAS,
UNITED STATES DISTRICT JUDGE

Appearances:    (See next page)

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES FOR:

| | |
|---|---|
| York Group: | JEFFREY PARSONS, ESQ |
| | MICHAEL SCOTT, ESQ |
| | Beirne Maynard, et al. |
| | 1300 Post Oak Blvd., Suite 2500 |
| | Houston, TX 77056 |
| | |
| Horizon Casket Group: | CHARLES FROST, ESQ |
| | Chamberlain Hrdlicka, et al. |
| | 1200 Smith, Suite 1400 |
| | Houston, TX 77002 |
| | |
| Delta Casket Group: | MARK FASSOLD, ESQ |
| | Jackson Walker |
| | 112 E. Pecan St., Suite 2400 |
| | San Antonio, TX 78205 |
| | |
| | JEFFREY DIAMOND, ESQ |
| | J. Diamond & Associates |
| | 808 Travis, Suite 1512 |
| | Houston, TX 77002 |
| | |
| | RYAN MARLATT, ESQ |
| | |
| | WILLIAM GRUBBS, ESQ |
| | |
| | GERALD KILPATRICK, ESQ |
| | |
| Court Recorder: | Brent Laswell |
| | |
| Case Manager: | Shelia Ashabranner |
| | United States District Court |
| | 515 Rusk Avenue |
| | Houston, Texas 77002 |
| | |
| Clerk: | Colin McRoberts |
| | |
| Transcribed by: | Exceptional Reporting Services, Inc. |
| | 14493 S. Padre Island Drive |
| | Suite A-400 |
| | Corpus Christi, TX 78418-5940 |
| | 361 949-2988 |

```
 1          Houston, Texas; Thursday, June 7, 2007; 2:56 p.m.
 2                          (Call to Order)
 3          THE COURT:  Okay.  Counsel, would you state your
 4  appearances, please?
 5          MR. PARSONS:  Yes.  I'm Jeff Parsons for York and I
 6  have Michael Scott with me for York.
 7          THE COURT:  Okay.
 8          MR. DIAMOND:  And I'm Jeff Diamond for the Delta
 9  Defendants, including Mr. Grubbs and Mr. Kilpatrick.  I have
10  Ryan Marlatt with me and Mark Fassold is also here on behalf of
11  the same entities, your Honor.
12          THE COURT:  Mark who?
13          MR. DIAMOND:  Fassold.
14          THE COURT:  Spell it.
15          MR. DIAMOND:  F-a-s-s-o-u-l-d, I believe.
16          THE COURT:  Is he on the -- is --
17          MR. FASSOLD:  That's me, your Honor.
18          THE COURT:  Oh, okay.
19          MR. FROST:  And, your Honor, Charles Frost
20  representing Horizon Casket Group.
21          THE COURT:  I thought this was about Horizon's
22  disputes with York but then this morning, or really at
23  lunchtime, I found out that the Delta people had a dispute
24  about the Haman deposition and some requests for production.
25  You just filed that last night, I guess, because it wasn't on
```

1   the docket sheet until after I left.

2           **MR. MARLATT:** Your Honor, in response to the order

3   he's had say in the hearing. The order couldn't language any

4   other discovery dispute.

5           **THE COURT:** True.

6           **MR. MARLATT:** So I was just trying to get as much of

7   it as I could in front of the Court in the time period for this

8   hearing. And that's after a lengthy conference yesterday on

9   many issues with Mr. Scott.

10          **THE COURT:** Okay. All right. Well, I took all the

11  stuff home yesterday and then was working on other things this

12  morning. So I didn't study all your papers and I don't have

13  any response. So we'll just wing it but --

14          **MR. MARLATT:** Okay.

15          **THE COURT:** -- it would be nice if people would give

16  me a little more notice. All right. Let's talk about the

17  business at hand that I thought was on the Docket, which is the

18  issue about discovery of the financial condition of Horizon.

19          **MR. FASSOLD:** It's actually of the Delta Defendants,

20  including the individuals. What may be confusing the Court is

21  that Mr. Frost, at one time, also represented the Delta

22  Defendants. Now he represents the Horizon Defendants

23  exclusively.

24          **THE COURT:** Okay. Okay. So the discovery of the

25  nonmovant Delta is the issue?

1   MR. FASSOLD: Yes, your Honor.

2   THE COURT: Okay. Now, with respect to the -- and
3   Horizon is not in it at all? You're just here to watch?

4   MR. FROST: That's fundamentally correct, your Honor.

5   THE COURT: Okay. I thought you also were concerned
6   about discovery but you're not?

7   MR. FROST: I don't believe so.

8   THE COURT: Okay. That actually helps because I was
9   a little confused. I guess where I want to start is where, in
10  the Amended Complaint, the First Amended Complaint, are there
11  allegations that justify a claim of punitives or exemplary
12  damages? I've got the First Amended --

13  MR. PARSONS: Okay. We've alleged, your Honor, that
14  all Defendants participated in a conspiracy on this scheme.

15  THE COURT: Right. But what's the underlying tort
16  that you're relying?

17  MR. PARSONS: The part of the tort that would relate
18  to the conspiracy in this issue is the tortuous interference by
19  the Horizon entity. And to explain, Grubbs and Kilpatrick
20  participated as, sort of, the lead people on the Horizon
21  project. And so all we're alleging --

22  THE COURT: But Grubbs is with Delta?

23  MR. PARSONS: He is but he's also the President of
24  Horizon.

25  THE COURT: Right, okay.

1    **MR. PARSONS:** So they were proceeding in a dual
2    capacity both as officers in Delta and also as officers in this
3    new entity Horizon. Actually, Kilpatrick wasn't an officer, I
4    don't believe, in Horizon. I think it was just Grubbs.
5         **THE COURT:** Grubbs, okay.
6         **MR. PARSONS:** But Kilpatrick has testified that he
7    was very active in it, that he went to China, that he did all
8    of the accounting for the Horizon entity. He was the person
9    who, sort of, coordinated all of the invoicing. And we've
10   alleged that Horizon, this free-standing entity, tortuously
11   interfered with our distributor contracts and that these two
12   individuals in this separate capacity --
13        **THE COURT:** And the contracts were with whom?
14        **MR. PARSONS:** They were with our distributors.
15        **THE COURT:** Delta included?
16        **MR. PARSONS:** Delta included, yes. And --
17        **THE COURT:** But not with Horizon?
18        **MR. PARSONS:** Not with Horizon, that's correct. So
19   it's a case of a third-party corporate entity --
20        **THE COURT:** Yeah.
21        **MR. PARSONS:** -- tortuously interfering with our
22   contracts with various distributors, including Delta, that
23   these two individuals participated in. And we've simply asked
24   for --
25        **THE COURT:** But you want the discovery of the

```
 1  financial condition of Delta?
 2          MR. PARSONS:  No.  Of their -- of these two
 3  individuals --
 4          THE COURT:  Only the individuals?
 5          MR. PARSONS:  Only the individuals, yes.
 6          THE COURT:  I thought you wanted either of Delta or
 7  Horizon.  I just missed this.  Okay.
 8          MR. PARSONS:  No.  Just the individuals.  We know
 9  that the --
10          THE COURT:  In the future, it would help me
11  enormously if you would just -- when you ask for relief, tell
12  me up front of whatever section I'm -- you know, I'm reading
13  what you want.
14          MR. PARSONS:  I understand.
15          THE COURT:  I mean, I get the whole -- I mean, I'm
16  reading and reading, reading all the history and it's
17  interesting and, obviously, I -- there's so many parties in
18  this case in particular, truthfully, I thought I was coming out
19  here -- I mean, it's, obviously, got to be my fault.  I somehow
20  missed this but I actually sat and carefully read these things
21  but I did not realize the financial stuff that was being fought
22  over was the individuals'.
23          MR. PARSONS:  Yes, your Honor.
24          THE COURT:  And I take responsibility but I would
25  really appreciate it if in ten-page letters you would tell me
```

1  up front what you want.
2      MR. PARSONS: I take responsibility.
3      THE COURT: Okay.
4      MR. PARSONS: If we didn't make that clear to you, I
5  apologize, your Honor. I know how busy you are and --
6      THE COURT: It's not -- it's just that of nonmovants
7  -- and I interpreted nonmovants to be the corporate Defendants
8  because of the nature of the documents and everything. And so
9  I guess it's my fault, too. I'm not trying to be critical.
10 I'm just begging for help here. Okay? Anyway, so your point
11 is these individuals conspired with others to tortuously
12 interfere in the contract between distributors and York?
13     MR. PARSONS: Yes.
14     THE COURT: And the distributors are Delta, et al and
15 -- was Horizon a distributor also?
16     MR. PARSONS: No, they were not.
17     THE COURT: Okay. Delta. And so where does the
18 exemplary come in? Because if you get a judgment on
19 conspiracy, you get exemplaries?
20     MR. PARSONS: If we get it on tortuous interference.
21     THE COURT: Is it tortuous interference in particular
22 or --
23     MR. PARSONS: Tortuous interference.
24     THE COURT: -- is it conspiracy that you get the --
25     MR. PARSONS: Tortuous interference.

1  THE COURT: Okay.

2  MR. PARSONS: And it would be -- we'd have to show

3 that it was intentional, that the interference was intentional.

4  THE COURT: Right.

5  MR. PARSONS: Now, they have complained that -- just

6 so we can jump ahead. They've complained that the Complaint is

7 not specific enough. They didn't raise it in Rule 12 but I'm

8 happy to help the Court understand our theory.

9  THE COURT: Right.

10  MR. PARSONS: I'd file a supplement or file an

11 amendment if they want it so that -- I mean, I don't want to

12 have them not understand or the Court understand specifically

13 what our theory is but I thought it was very clear to everyone.

14 And, in fact, they have even raised the justification defense

15 in their answer.

16  THE COURT: Right.

17  MR. PARSONS: But I'm happy to file and specifically

18 set out what I've just told the Court.

19  THE COURT: Right. Well, I think what I am going to

20 have you do -- I'm ruling today one way or another. I actually

21 think I know what I want to do but the point is yes, I want you

22 to file the definitive complaint because it will be the basis

23 against which we measure everything else.

24  MR. PARSONS: Sure.

25  THE COURT: And so you can't add causes of action --

1       **MR. PARSONS:** Right.

2       **THE COURT:** -- but you can clarify your position.

3       **MR. PARSONS:** Yes.

4       **THE COURT:** And it's quite an extensive amended --
5  this is the First Amended Complaint I'm looking at. Is that
6  the operative one in your mind?

7       **MR. PARSONS:** It is, your Honor.

8       **THE COURT:** Okay. I don't think it requires a lot of
9  change --

10      **MR. PARSONS:** It won't.

11      **THE COURT:** -- but on this aspect, I think it might
12 be clear.

13      **MR. PARSONS:** We can.

14      **THE COURT:** Is there any surprise here as to what the
15 theory is?

16      **MR. FASSOLD:** If he's allowed to amend the Complaint,
17 your Honor, then I think that now there is exemplary damages
18 pled and then --

19      **THE COURT:** Well, I have to tell you something. He
20 was going to get some discovery on exemplary damages. I
21 thought they were adequately pled against the wrong parties.
22 But I did think they were adequately pled because I don't buy
23 the idea that you have to plead in excruciating detail. I
24 think you're -- you knew what was coming and there's no big
25 surprise. On the other hand, I think you're entitled to know

 1  the details.  So for Summary Judgment purposes and for me to
 2  measure anything else that happens in the case, I want to tie
 3  the Plaintiff down once and for all.
 4          **MR. FASSOLD:**  Yes, your Honor.
 5          **THE COURT:**  Because I don't want to have to guess
 6  later when we're cutting it more fine.  Okay?
 7          **MR. FASSOLD:**  Yes, your Honor.
 8          **THE COURT:**  The idea that it wasn't adequately pled
 9  is something that in the future we may wind up arguing about a
10  little more in light of a case that the Supreme Court recently
11  came down within the antitrust context about Rule 8.  But this
12  is a Rule 9 problem and it's my view that there are enormous
13  number of facts pled in this case and one could argue
14  willfulness and exemplary damages flowing from the facts as
15  alleged.
16          **MR. FASSOLD:**  Yes, your Honor.
17          **THE COURT:**  Okay.  So I was not sympathetic to that
18  aspect of your argument anyway.
19          **MR. FASSOLD:**  Yes, your Honor.
20          **THE COURT:**  So I did consider it and I'm ruling.  But
21  I do want you to plead how --
22          **MR. PARSONS:**  How they did it.
23          **THE COURT:**  -- these individuals and/or anyone else
24  that --
25          **MR. PARSONS:**  Yes, your Honor.

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____            June 12, 2007
            Signed                                Dated


*TONI HUDSON*

FEDERALLY-CERTIFIED TRANSCRIBER