**YORK'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-02181 |
| | § | |
| HORIZON CASKET GROUP, INC., | § | |
| DELTA CASKET COMPANY, INC. | § | |
| DELTA-SOUTHERN CASKET | § | |
| COMPANY, INC., DELTA CASKET | § | |
| ENTERPRISES, INC., WILLIAM W. | § | |
| GRUBBS, JR. AND GERALD | § | |
| KILPATRICK | § | |
| | § | |
| *Defendants.* | § | |

---

# EXPERT REPORT OF WALTER BRATIC

---

Dated: December 1, 2006

Respectfully submitted,

*/s/ Walter Bratic*

Walter Bratic

*CONFIDENTIAL*
*SUBJECT TO PROTECTIVE ORDER*

## V. BACKGROUND

Parties-in-Suit

6. Plaintiff York, incorporated in 1989 in its current form, is a manufacturer and distributor of funeral home products and services for use in the death care industry throughout the United States. The company is a subsidiary of publicly-traded Matthews International Corporation ("Matthews") and its principal business offices are located in Pittsburgh, Pennsylvania.[1]

7. Defendant Horizon was incorporated in December 2003 by five wholesale casket distributors of York: Delta Enterprises,[2] Melton Company, Inc.,[3] Yorktowne Caskets, Inc., ("Yorktowne"), Warfield-Rohr Casket Company and Royal Casket Company (all of which are collectively the "Horizon Group").[4] Defendant Horizon was organized to market, promote, acquire, and sell caskets and related products in the death care industry.[5]

8. Defendant Delta Casket was incorporated in 1950.[6] In August 2004, Delta Enterprises acquired all the assets of Delta Casket.[7] Delta Casket and Delta Enterprises were primarily engaged in the wholesale casket distribution business by reselling caskets to funeral homes in certain geographical territory consisting of Tennessee, Mississippi,

---

[1] The York Group website (http://www.yorkgrp.com).
[2] Based on documents produced in this matter, Delta Enterprises operates as one entity consisting of Delta Enterprises, Delta Casket and Delta-Southern.
[3] Melton Company, Inc. was not formed until late 2003, so it was York Southern involved in the planning for the manufacturing of Duplicate Caskets (defined later) in early 2003. Deposition of Adam Melton, September 13, 2006, pgs. 27-28; Deposition of Presley Melton, May 10, 2006, pg. 92. However, when Horizon Group was incorporated in December 2003, Melton Company Inc. was the named shareholder.
[4] Deposition of Gerald Kilpatrick, Volume 1, December 14, 2005, Exhibit 13 (HOR 0000049); Exhibit 21 (HOR 0000020); Deposition of Gerald Kilpatrick, Volume 1, December 14, 2005, pgs. 128-129.
[5] Deposition of William W. Grubbs, Volume 2, March 30, 2006, pg. 150.
[6] Deposition of William W. Grubbs, Volume 1, December 15, 2005, pgs. 97-98; Certificate of Incorporation (YK 19449-19450).
[7] Answer to Plaintiff's First Amended Original Complaint and Counterclaim, pg. 7; Asset Purchase Agreement (DEL 0000579-0000583; 0000585-0000586).

code" assigned to the York caskets and the Duplicate Caskets, which were identical. I used York's weighted average incremental profit margin for each item code.

37. The incremental profit margin for each casket (i.e., or item code) was multiplied by the number of Duplicate Caskets purchased by the Delta Defendants (sorted by item code), which resulted in my calculation of York's lost profits. Finally, York's lost profits were sorted and organized based on ultimate purchases of the Duplicate Caskets by individual members of the Horizon Group.

38. The Delta Defendants were responsible for purchasing the Duplicate Caskets and then reselling the Duplicate Caskets to the Horizon Group.[62] For this reason, among others, I understand it is counsel's position that the totality of lost sales can be attributed to the conduct of the Defendants.

39. Based upon the above analysis, I calculated lost profits due York of approximately $5 million. See Exhibit 5.

40. In addition, I understand it is York's position that the Delta Defendants acted to tortiously interfere with York's contractual relationships with the other members of the Horizon Group. As a result, I understand under the tortious interference claim that the Delta Defendants would be accountable for York's lost profits on the other 14,652 Duplicate Caskets[63] purchased by members of the Horizon Group. I have calculated lost profits that are due York of approximately $3.5 million. See Exhibit 6.

---

[62] Delta Casket Company invoices (DEL 0013986-0014151); Deposition of Gerald Kilpatrick, Volume 1, December 14, 2005, pgs. 211-212; Deposition of Gerald Kilpatrick, Volume 3, March 31, 2006, pgs. 369-370; Deposition of Mark Melton, Volume 1, September 12, 2006, pg. 31.
[63] 20,286 Duplicate Caskets – 5,634 Duplicate Caskets = 14,652 Duplicate Caskets.