**YORK'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | C. A. NO. 05-2181 |
| HORIZON CASKET GROUP, INC., DELTA CASKET COMPANY, INC., DELTA-SOUTHERN CASKET COMPANY, INC., DELTA CASKET ENTERPRISES, INC., WILLIAM W. GRUBBS, JR. AND GERALD KILPATRICK | § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' THIRD REQUEST FOR PRODUCTION TO YORK

TO: THE YORK GROUP, INC., by and through their attorneys of record Jeffrey Parsons and Michael Scott of Byrne, Maynard, & Parsons, LLP, 1300 Post Oak Blvd., 25th Floor, Houston, Texas 70056

Defendants serve this Third Request for Production of Documents to Plaintiff The York Group, Inc., pursuant to the Federal Rules of Civil Procedure.

The York Group, Inc. is requested to produce all required and requested documents not later than thirty days from date of service on you.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & MARTIN, P.C.

By: _____
CHARLES E. FROST, JR.
Attorney-in-Charge
State Bar No. 07491025
Southern District ID No. 7214

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE
    WILLIAMS & MARTIN
R. Kyle Hawes
State Bar No. 00796725
Southern District ID No. 23218
Kamy M. Schiffman
State Bar No. 24027842
Southern District ID No. 28360
1200 Smith Street, Suite 1400
Houston, TX 77002- 4310
(713) 658-1818
(713) 658-2553 (fax)

ATTORNEYS FOR DEFENDANTS HORIZON
CASKET GROUP, INC., DELTA CASKET
COMPANY, INC., DELTA-SOUTHERN CASKET
COMPANY, INC., DELTA CASKET ENTERPRISES, INC.,
WILLIAM W. GRUBBS, JR. AND GERALD KILPATRICK

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on counsel for all parties by U.S. first class mail, facsimile, hand delivery, and/or certified mail, on this _____ day of March, 2006, as follows:

    Jeffrey R. Parsons
    W. Michael Scott
    Bruce C. Morris
    David A. Walton
    BEIRNE, MAYNARD, & PARSONS, LLP
    1300 Post Oak Blvd., 25th Floor
    Houston, Texas 77056

                                    Charles E. Frost, Jr.

0566257.01
005561-000000

# DEFINITIONS AND INSTRUCTIONS

"**York**" shall mean The York Group, Inc. and any employee, officer, agent, associate, affiliate, or other person acting on its behalf.

"**York's May 25, 2005 letter**" shall mean the letter sent by York to funeral home owners and others in Tennessee, Kentucky, Alabama, Georgia, Arkansas, Indiana, Illinois, Virginia, Mississippi and/or West Virginia, and perhaps other places, on or about May 25, 2005, concerning "Delta Casket Company" and "Delta".

"**You**" "**you**" or "**yours**" shall mean and refer to the Plaintiff York and its employees, agents, representatives, attorneys, or others acting on its behalf.

"**Horizon**" means the Defendant Horizon Casket Group, Inc.

"**Delta Casket Company**" means the Defendant Delta Casket Company, Inc.

"**Delta-Southern**" means the Defendant Delta-Southern Casket Company, Inc.

"**Delta Casket Enterprises**" means Defendant Delta Casket Enterprises, Inc.

"**Delta Companies**" means Delta Casket Company, Delta Casket Enterprises, and Delta Southern.

"**Grubbs**" means Defendant William W. Grubbs, Jr.

"**Kilpatrick**" means Defendant Gerald Kilpatrick.

"**Reflect,**" "**refer to,**" "**relate to,**" **and** "**concerning**" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

"**Chinese caskets**" means caskets manufactured in China and/or the Far East.

"**York Marks**" shall mean and refer to any alleged trademarks, trade names, servicemarks, copyrights, patents, brand names, labels symbols or other proprietary rights to which York alleges it has a right.

"**Document(s)**" means all written, typed, printed, and/or computer-stored matter, and all magnetic or other records or documentation of any kind or description, no matter how produced or reproduced, whether or not prepared by you, including without limitation letters, correspondence, telegrams, memoranda, notes, reports, records, envelopes, minutes, contracts, agreements, messages or notations of telephone or personal conversations or conferences, interoffice communications, diaries, calendars, work papers, mathematical computations, purchase orders, invoices, questionnaires and surveys, accounts, pamphlets, pictures, films, voice recordings, maps, charts, graphs, magazines, booklets, circulars, bulletins, notices, instructions, handwritten notes, E-mail, data and information stored on computers, microfilm, bulletins,

circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets, drafts of any of the foregoing, copies of any of the foregoing not identical to the originals, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, agents, consultants, accountants, and attorneys.

1. All documents requested that are contained in computer programs, e-mail, and other electronic or magnetic data shall be produced by printing out on paper all of the data, material, and information therein. Computer programs, e-mail, and other electronic or magnetic data also shall be produced in its native computer readable format with an identification of its associated software application and computer system on CD-ROMs readable by PC computers. The data produced must contain an exact and complete image copy of the source hard drives, or other electronic or magnetic media or storage device containing the original data and include not only active files, but all deleted, erased or discarded copies, and prior versions or drafts of the data.

2. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

3. If you do not produce a document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

4. If a document is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

5. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximately date or dates on which such disposition was made, and why.

6. Without limitation of the term "control", a document is deemed to be in your control if you have the right to secure the document or a copy thereof from any other person or public or private entity having actual possession thereof.

7. Unless otherwise stated in the individual request, the requests seek documents created on or after January 1, 2001.

## DOCUMENTS REQUESTED

Please produce true and correct copies of the following:

1. All documents constituting, evidencing, concerning, relating to, and/or referring to the purchase of Royal Casket Company, Inc.'s assets by York.

4

2. All affidavits and proposed or draft affidavits presented to Wesley Boies in 2006 by York, including, but not limited to, any affidavits signed by Mr. Boies.

3. All statements and proposed or draft statements presented to Wesley Boies in 2006 by York, including, but not limited to, any statements signed by Mr. Boies.

4. All distributor agreements between York and Yorktowne, York-Southern, York-Southwest, and/or Warfield-Rohr in effect at anytime during 2002-2005.

5. All documents constituting, evidencing, and/or concerning the purchase from third parties of any embroidered panels to be used on the interior of York caskets.