**YORK'S RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**

# EXHIBIT G

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC. | § | |
| Plaintiff, | § § § | |
| v. | § § | C. A. NO. 05-2181 |
| HORIZON CASKET GROUP, INC., DELTA CASKET COMPANY, INC., DELTA-SOUTHERN CASKET COMPANY, INC., DELTA CASKET ENTERPRISES, INC., WILLIAM W. GRUBBS, JR. AND GERALD KILPATRICK | § § § § § § § § | |
| Defendants. | § | |

## DELTA CASKET ENTERPRISES'
## SIXTH REQUEST FOR PRODUCTION TO YORK

TO: THE YORK GROUP, INC., by and through their attorneys of record Jeffrey Parsons and Michael Scott of Byrne, Maynard, & Parsons, LLP, 1300 Post Oak Blvd., 25th Floor, Houston, Texas 70056

Pursuant to Rule 34(a)(1) of the Federal Rules of Civil Procedure, Defendant Delta Casket Enterprises serves this Fourth Request for Production of Documents to Plaintiff The York Group, Inc. ("York") through its attorneys of record, and specifies that the responses by Plaintiff shall separately be served on or before thirty (30) days from the date of service of these requests at the offices of Chamberlain, Hrdlicka, White, Williams & Martin, 1200 Smith Street, Suite 1400, Houston, Texas 77002. York shall separately produce the documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in this request.

0572755.01
005561-000000:5/12/2006

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN, P.C.

By: *[signature]*
CHARLES E. FROST, JR.
Attorney-in-Charge
State Bar No. 07491025
Southern District ID No. 7214

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE
WILLIAMS & MARTIN
R. Kyle Hawes
State Bar No. 00796725
Southern District ID No. 23218
Jennifer F. Simons
State Bar No. 24038437
1200 Smith Street, Suite 1400
Houston, TX 77002-4310
(713) 658-1818
(713) 658-2553 (fax)

ATTORNEYS FOR DEFENDANTS HORIZON
CASKET GROUP, INC., DELTA CASKET
COMPANY, INC., DELTA-SOUTHERN CASKET
COMPANY, INC., DELTA CASKET ENTERPRISES, INC.,
WILLIAM W. GRUBBS, JR. AND GERALD KILPATRICK

0572755.01
005561-000000:5/12/2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel for all parties by U.S. first class mail, facsimile, hand delivery, and/or certified mail, on this 20 day of June, 2005 as follows:

**Via Telecopy 713/960.1527**
Jeffrey R. Parsons/W. Michael Scott
Bruce C. Morris/David A. Walton
BEIRNE, MAYNARD, & PARSONS
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056

**Via Telecopy 513/651.6981**
Mr. Matthew C. Blickensderfer
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202-4182

**Via Telecopy 713/623-4846**
Mr. Doug Elliot
Patterson & Sheridan, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056

**Via Telecopy 713/228-3510**
Andrew Schirrmeister, III
Laura Friedl Jones
Schirrmeister Diaz-Arrastia Brem
Pennzoil Place-North Tower,
700 Milam, 10th Floor
Houston, Texas 77002

**Via Telecopy 410/361-8926**
Charles S. Hirsch
Glenn A. Cline
Ballard Spahr Andres & Ingersoll
300 East Lombard Street, 19th Floor
Baltimore, Maryland 21202-3268

**Via Telecopy 713-785-7780**
Jeffrey L. Diamond
Wilson, Elser, Moskowitz,
  Edelman & Dicker, LLP
5847 San Felipe Suite 2300
Houston, Texas 77057

*[signature]*
Charles E. Frost, Jr.

0572755.01
005561-000000:5/12/2006

## DEFINITIONS AND INSTRUCTIONS

"**York**" shall mean The York Group, Inc. and any employee, officer, agent, associate, affiliate, or other person acting on its behalf.

"**York's May 25, 2005 letter**" shall mean the letter sent by York to funeral home owners and others in Tennessee, Kentucky, Alabama, Georgia, Arkansas, Indiana, Illinois, Virginia, Mississippi and/or West Virginia, and perhaps other places, on or about May 25, 2005, concerning "Delta Casket Company" and "Delta".

"**You**" "**you**" or "**yours**" shall mean and refer to the Plaintiff York and its employees, agents, representatives, attorneys, or others acting on its behalf.

"**Horizon**" means the Defendant Horizon Casket Group, Inc.

"**Delta Casket Company**" means the Defendant Delta Casket Company, Inc.

"**Delta-Southern**" means the Defendant Delta-Southern Casket Company, Inc.

"**Delta Casket Enterprises**" means Defendant Delta Casket Enterprises, Inc.

**Delta Companies**" means Delta Casket Company, Delta Casket Enterprises, and Delta Southern.

"**Grubbs**" means Defendant William W. Grubbs, Jr.

"**Kilpatrick**" means Defendant Gerald Kilpatrick.

"**Reflect**," "**refer to**," "**relate to**," "**evidencing**," and "**concerning**" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

"**Chinese caskets**" means caskets manufactured in China and/or the Far East.

"**York Marks**" shall mean and refer to any alleged trademarks, trade names, servicemarks, copyrights, patents, brand names, labels symbols or other proprietary rights to which York alleges it has a right.

"**Document(s)**" means all written, typed, printed, and/or computer-stored matter, and all magnetic or other records or documentation of any kind or description, no matter how produced or reproduced, whether or not prepared by you, including without limitation letters, correspondence, telegrams, memoranda, notes, reports, records, envelopes, minutes, contracts, agreements, messages or notations of telephone or personal conversations or conferences, interoffice communications, diaries, calendars, work papers, mathematical computations, purchase orders, invoices, questionnaires and surveys, accounts, pamphlets, pictures, films, voice recordings, maps, charts, graphs, magazines, booklets, circulars, bulletins, notices, instructions, handwritten notes, E-mail, data and information stored on computers, microfilm, bulletins,

circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets, drafts of any of the foregoing, copies of any of the foregoing not identical to the originals, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, agents, consultants, accountants, and attorneys.

1. All documents requested that are contained in computer programs, e-mail, and other electronic or magnetic data shall be produced by printing out on paper all of the data, material, and information therein. Computer programs, e-mail, and other electronic or magnetic data also shall be produced in its native computer readable format with an identification of its associated software application and computer system on CD-ROMs readable by PC computers. The data produced must contain an exact and complete image copy of the source hard drives, or other electronic or magnetic media or storage device containing the original data and include not only active files, but all deleted, erased or discarded copies, and prior versions or drafts of the data.

2. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

3. If you do not produce a document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

4. If a document is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

5. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximately date or dates on which such disposition was made, and why.

6. Without limitation of the term "control", a document is deemed to be in your control if you have the right to secure the document or a copy thereof from any other person or public or private entity having actual possession thereof.

### REQUEST FOR PRODUCTION NO. 1

All Documents evidencing any communications between York and C.J. Thacker and/or C.J. Thacker Company.

### REQUEST FOR PRODUCTION NO. 2

All Documents evidencing any lawsuits or complaints by any person against York relating to any aspect of the quality of York caskets (including but not limited to any failures of York caskets).

### REQUEST FOR PRODUCTION NO. 3

All Documents evidencing the manufacturers of paint from whom York purchased paint for its metal caskets during the years 2001-2004.

### REQUEST FOR PRODUCTION NO. 4

All Documents and other items received by York pursuant to any subpoena(s) to Yorktowne Casket Company.

### REQUEST FOR PRODUCTION NO. 5

All Documents and other items received by York pursuant to any subpoena(s) to Royal Casket Company.

### REQUEST FOR PRODUCTION NO. 6

All Documents concerning, relating to, or evidencing any and all communications or agreements between York and Yorktowne regarding Chinese caskets.

### REQUEST FOR PRODUCTION NO. 7

All Documents concerning, relating to, or evidencing any and all communications or agreements between York and Royal regarding Chinese caskets.

### REQUEST FOR PRODUCTION NO. 8:

All Documents regarding, relating to, or evidencing any payment(s) to Delta Casket Company, Delta Casket Enterprises, Warfield-Rohr, Yorktowne, Royal, and/or York Southern for repairs made by them of caskets sold by York.

### REQUEST FOR PRODUCTION NO. 9:

All Documents regarding, relating to, or evidencing any and all returns of caskets sold by York to Delta Casket Company, Delta Casket Enterprises, Warfield-Rohr, Yorktowne, and/or York Southern due to alleged defects or quality problems.

0572755.01
005561-000000:5/12/2006