# EXHIBIT J

OAO88 (Rev. 1/94) Subp_ _ a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| The York Group, Inc., Plaintiff<br>v.<br>Horizon Casket Group, Inc., et al.,<br>Defendants | SUBPOENA IN A CIVIL CASE<br><br>Case Number:[1] 4:05-CV-02181 |
|---|---|

TO: Warfield-Rohr Casket Co., Inc.
901 West Patapsco Blvd.
Baltimore, Maryland 21230-3414

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Requests for Production of Documents or Tangible Things

| PLACE<br>Beirne Maynard & Parsons, L.L.P.<br>1300 Post Oak Blvd., Suite 2500, Houston, Texas 77056 | DATE AND TIME<br>Within twenty (20) days of service |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER=S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*David A. Walton* (signature)<br>David A. Walton<br>Attorney for Plaintiff, The York Group, Inc. | DATE<br>January 20, 2006 |
|---|---|

ISSUING OFFICER=S NAME, ADDRESS AND PHONE NUMBER
David A. Walton
1300 Post Oak Blvd., Suite 2500, Houston, Texas 77056
Telephone: (713) 623-0887

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoei . Civil Case

|  | PROOF OF SERVICE | |
|---|---|---|
|  | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)   fails to allow reasonable time for compliance,
    (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)  requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

609473v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE YORK GROUP, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-02181 | |
| § | (Jury Trial) | |
| HORIZON CASKET GROUP, INC., et al. § | | |
| Defendants. § | | |
| § | | |

**PLAINTIFF THE YORK GROUP, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS OR TANGIBLE THINGS TO WARFIELD-ROHR CASKET CO., INC.**

TO: Warfield-Rohr Casket Co., Inc., 901 West Patapsco Blvd., Baltimore, Maryland 21230-3414

Pursuant to Rules 34(c) and 45(a)(1)(C) of the Federal Rules of Civil Procedure (the "Rules"), Plaintiff The York Group, Inc. ("York") serves this Request for Production of Documents or Tangible Things (the "Requests") upon Warfield-Rohr Casket Co., Inc., and specifies that responses by you shall be served on or before twenty (20) days from the date of service of these Requests at the office of Beirne, Maynard & Parsons, L.L.P., Wells Fargo Tower, 1300 Post Oak Boulevard, Suite 2500, Houston, Texas 77056.

Respectfully submitted,

By: _____
Jeffrey R. Parsons       by permission
TBN: 15547200
SD ID No.: 2411
BEIRNE, MAYNARD & PARSONS, L.L.P.
1300 Post Oak Blvd, 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**ATTORNEY-IN-CHARGE
FOR THE YORK GROUP, INC.**

OF COUNSEL:

BEIRNE, MAYNARD & PARSONS, L.L.P.

**W. Michael Scott**
TBN: 17918420
SD ID No.: 9987
**Bruce C. Morris**
TBN: 14469850
SD ID No.: 14198
**David A. Walton**
TBN: 24042120
SD ID No.: 57039
1300 Post Oak Blvd, 25th Floor
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Plaintiff's Request for Production of Documents and Tangible Things to Warfield-Rohr Casket Co., Inc.** was sent to the following attorneys-of-record by certified mail, return receipt requested, electronic notice and/or by facsimile transmission on this 20th day of January, 2005.

| | |
|---|---|
| Charles E. Frost, Jr.<br>CHAMBERLAIN, HRDLICKA, WHITE<br>WILLIAMS & MARTIN, P.C.<br>1200 Smith Street, Suite 1400<br>Houston, TX 77002-4310 | *Via Certified Mail,*<br>*Return Receipt Requested* |

ATTORNEYS-IN-CHARGE FOR
DEFENDANTS

_____
David A. Walton

609525v1

## DEFINITIONS

For purposes of these Requests, the terms used herein shall have the following meanings:

1. **"Warfield", "you" or "your"** means Warfield-Rohr Casket Co., Inc. and its directors, officers, employees, agents, representatives and all others acting on its behalf.

2. **"York"** means The York Group, Inc. and its directors, officers, employees, agents, representatives and all others acting for or on its behalf.

3. **"Horizon"** means the Defendant Horizon Casket Group, Inc.

4. **"Delta Casket"** means the Defendant Delta Casket Company, Inc.

5. **"Delta-Southern"** means the Defendant Delta-Southern Casket Company, Inc.

6. **"Delta Enterprises"** means Defendant Delta Casket Enterprises, Inc.

7. **"Grubbs"** means Defendant William W. Grubbs, Jr.

8. **"Kilpatrick"** means Defendant Gerald Kilpatrick.

9. **"Defendants"** means Horizon, Delta Casket, Delta-Southern, Delta Enterprises, Grubbs and Kilpatrick, collectively.

10. **"Documents"** means and shall refer to all tangible items upon which information is recorded or stored, whether handwritten, typewritten, printed, or recorded by computerized or electronic means (including back-up data) that is kept, possessed, maintained or controlled by You. The term includes but is not limited to photographs, lithographs, drawings, sketches, specifications, instructions, labels, decals, product packaging, agreements, contracts, requests for proposals, proposals, letters, faxes, telegrams, telexes, memoranda, notices, reports, studies, books, calendar entries, diary entries, appointment books, pamphlets, notes, charts, diagrams, tabulations, agendas, ledgers, checks, bank drafts, bank wires, bills, receipts, expense reports, invoices, purchase orders, records of customs duties, bank drafts, bank statements, financial statements, worksheets, audits, tax returns, governmental filings, permits, licenses, fees, fines, applications, registrations, photocopies, microfilms, tape and disc recordings, emails, websites and webpage data. The term also includes, but is not limited to, summaries, records or reports of trips, meetings, conferences, telephone calls, voicemails or other conversations or communications, including audio recordings and transcriptions thereof. The term specifically encompasses all versions, drafts, edits and edit histories and document histories of any item encompassed by this definition.

11. **"Entity" or "Entities"** means any individual(s), partnership(s), corporation(s) or other business organizations.

12. **"Reflect", "refer to", "relate to" and "concerning,"** (or any form thereof) means constituting, comprising, respecting, supporting, contradicting, stating, describing,

recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

13. **"Chinese caskets"** means any and all caskets manufactured in China and/or the Far East.

14. **"York Marks"** means and refers to York's trademarks, trade names, servicemarks, copyrights, patents, brand names, labels symbols or other proprietary rights.

## INSTRUCTIONS

For purposes of these Requests, you shall produce your documents in the files in which they are located and as kept in the usual course of business, and pursuant to the following instructions:

1. These Requests are continuing in nature and require supplemental answers in the event you or your attorney discover additional responsive information.

2. Each Request is for documents in your possession, custody or control, such request includes documents possessed by your present or former attorneys, agents, subordinates, employees, representatives and consultants.

3. The singular form of a word shall be interpreted as a plural and the plural form of a word shall be interpreted as a singular whenever appropriate in order to bring within the scope of these Requests any information that might otherwise be considered beyond its scope.

4. In the event that any document requested has been lost or destroyed, please identify that document by author(s), address(es), date(s), subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction, and the name and title of the person responsible for the loss or destruction.

5. If you object or refuse to provide any document requested below on the grounds that it requests information that falls within the scope of any discovery privilege or exemption, please provide the following information as to each such objection:

    a. the place, date and manner or recording or otherwise preparing the document;

    b. the name and title of sender, and the name and title of recipient of the document;

    c. the summary of the contents of the documents;

    d. the identity of each person or persons (other than those providing stenographic or clerical assistance) participating in the preparation of the document;

    e. the identity of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization, the date(s) of said communication, and the employer and title of each person identified at the time of said communication; and

    f. a statement of the basis on which a privilege or exemption is claimed.

6. You are further requested to produce those portions of any such Document that are not subject to a claim of privilege or other reasons for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

## REQUESTS FOR PRODUCTION

You are hereby subpoenaed to produce true and correct copies of the following:

1. All documents reflecting any communication of Warfield with the manufacturer of any Chinese casket, including any fractional casket or part thereof;

2. All documents summarizing Warfield's purchase of Chinese caskets;

3. All documents summarizing Warfield's sale of Chinese caskets;

4. All documents sufficient to reflect the total number of each brand name/model name of Chinese caskets that Warfield sold and the sales price for each;

5. All documents that reflect, refer or relate to "KOP", "Beaver" or any other matter, meeting and/or project pertaining to Chinese caskets;

6. All documents pertaining to questions or complaints Warfield received from purchasers or prospective purchasers of Chinese caskets;

7. All documents reflecting Warfield's substitution of Chinese caskets in place of York caskets in fulfilling the orders of casket purchasers;

8. All documents that reflect any and all meetings and/or communications involving Warfield and any other person or party pertaining to Chinese caskets (including but not limited to e-mails, correspondence, memoranda, notes, calendars, diaries, receipts or other type of documents).

9. All documents that reflect Warfield's activities concerning the marketing, promotion, or advertising of Chinese caskets, including but not limited to flyers, brochures, catalogs, photographs, displays, price lists, web pages or other promotional materials;

10. All documents that reflect Warfield's packaging and/or labeling of Chinese caskets;

11. All documents that reflect Warfield's contracts, agreements, or other arrangements concerning Chinese caskets;

12. All documents that describe the nature of any business relationship between Warfield and any other person or party regarding Chinese caskets.

13. All documents that pertain to the Horizon Casket Group, Inc. or any related or affiliated entity.