In The United States District Court
For The Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED
MAY 17 1999
MICHAEL N. MILBY CLERK

Petition Of
William Steed Kelley, et al. } C.A. No. C-98-533
To Perpetuate Testimony

Petitioner Kelley's First Written Objections To The Magistrate's Memorandum And Recommendation Of April 29, 1999 [D.E. #62] Pursuant To Rule 72(b)

To The Honorable Judge Of Said Court:

Pursuant to Rule 72(b), F.R.Civ.P., <u>Thomas v. Arn</u>, 470 U.S. 140, 155, 106 S.Ct. 466 (1985); <u>Nettles v. Wainright</u>, 677 F.2d 404, 408 (5th Cir. 1982); <u>Douglas v. United Services Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1995) (en banc); Article IV, General Order No. 80-5, U.S.D.C., Southern District of Texas; and, Title 28 U.S.C. § 636 (b)(1)(c), petitioner William Steed Kelley enters the following written objections to magistrate judge Jane Cooper-Hill's Memorandum And Recommendation To Deny Kelley's Motion To Proceed In forma Pauperis On Appeal and

1

81.

To Deny Kelley's Motion for Relief From Judgment, [D.E. #62] entered in this action on April 30, 1999.

Objection No. 1

The magistrate judge's Memorandum and Recommendation is <u>FRIVOLOUS AND MALICIOUS</u>. It contains <u>LIES</u> and half-truths calculated to misrepresent the nature of Kelley's pleadings and deprive Kelley of justice and the equitable or legal relief he is entitled to.

Objection No. 2

At p. 3 of her Memorandum, the magistrate claims that Kelley does not allege in his I.F.P. requests that he qualifies for an exception to the P.L.R.A.'s "three strikes" provision. Of course, even if it is necessary for Kelley to do so <u>in his I.F.P. requests</u>, he would not be aware of that fact due to this Court's complicity in the TDCJ-ID's systematic impediments to his meaningful access to courts. This Court may

2

not permissibly facilitate such an obstruction through its reticence toward Kelley's plight and simultaneously tax him for such an omission. If this Court insists on permitting the TDCJ-ID personnel to compel Kelley to litigate largely *ipse dixit* and absent any meaningful resources, then it cannot penalize him for lack of technical compliance.

Nevertheless, the magistrate's attempted capitalization upon that technicality, for her ulterior purposes of denying Kelley his day in Court and meaningful, speedy relief, goes to demonstrate the magistrate's duplicity in treatment of Kelley's claims, because this assertion of hers is couched so as to convey a false impression that Kelley has not ANYWHERE alleged that he is under imminent threat of serious physical harm. And that is simply not true, as she herself plainly demonstrates later in her Memorandum by reference to Kelley's letter to Judge Head and the body of Kelley's pleadings in his Petition To Perpetuate Testimony.

## Objection No. 3

The magistrate charges that Kelley commenced his Rule 27 Petition as an attempt to avoid the "three strikes" bar of the PLRA. However, her reported presumption to that effect is actually a disengenuous attempt to further slight the petitioners' action.

Kelley's Petition is a straightforward attempt to perpetuate evidence and testimony for later use in a § 1983 action aimed at remedying various systemic threats to his physical and psychological health and safety, and to simultaneously invoke this Court's § 1331, 1334 and/or 1361 jurisdiction so that the petitioners may move the Court to compel Encinia and Davis to provide them the paper and postage necessary to FINALLY bring their § 1983 action which they cannot at present bring due to their denial of meaningful access to the Courts. It is THAT SIMPLE.

Kelley doesn't need to "avoid" any sanctions. He has cognizable claims which are exempt from that PLRA bar, but he can't bring them because of such good, upstanding, model citizens as Sabas Encinia, Jr., JoAnn Davis, and Jane Cooper-Hill.

4

## Objection No. 4

The magistrate states on p.3 that "the facts alleged do not demonstrate that he is at risk of serious physical injury." Quite frankly, that is what is considered, in most parts of the western hemisphere (excepting the District of Columbia and most State Capitols, like Austin, TX) <u>A LIE</u>. In fact, Kelley alleges that he is already being physically injured and that not only is he <u>being</u> seriously harmed, he is at risk of <u>DEATH</u>! One only wonders in awe at the degree of conscientelessness required of a soul capable of crafting such pernicious, low-down, dirty misrepresentations.

The magistrate further lies by misrepresenting at p.4 that Kelley "alleges only that he is sometimes (but not at the time of the February 5, 1999 letter to Judge Head) confined to a cell with poor air circulation." What she 'forgot' to include is that the cell <u>almost killed Kelley</u> on more than one occasion; that the cells Kelley complains of still exist, that Kelley's claims are not vitiated or mooted as long as they exist as a threat to him, and that the PLRA does not use the words

5

"PRESENT" or "IMMEDIATE", but rather, uses the word "IMMINENT".

Perhaps the magistrate would prefer that Kelley file his claims while he is dying, or even better yet, after he is dead?

## Objection No. 5

On p. 4, the magistrate claims Kelley is receiving medical attention. Perhaps she learned this "fact" from ~~The Tooth Fairy~~ or ~~The Easter Bunny~~? Because she has definitely resisted (nay, even <u>threatened</u>) all of Kelley's attempts to develop a better factual record. She <u>knows</u> Kelley's access to sufficient paper is unconstitutionally restricted, yet resists Kelley's requests for an evidentiary hearing, and then injects "facts" extrinsic to a just determination so that she may "flesh it out" in a manner consistent with her malicious misrepresentations.

No, Kelley is <u>NOT</u> receiving medical attention, but even if he were, would that entitle this Court to excuse the ongoing <u>tortures</u> he endures? Should the Court see it as anything less than torture, Kelley directs

its attention to the March 1, 1999 <u>ORDER</u> of Judge William Wayne Justice in <u>Ruiz, et. al. v. Johnson, et. al.</u>, C.A. No. H-78-987 in the Houston Division. The conditions in Ad-Seg described in that <u>ORDER</u> just go to show how callousedly indifferent this Court has been toward Kelley's claims in this Division. It is not Kelley's word alone against this Court's; it is ~~this~~ Court's "word" against itself!

<u>Objection No. 6</u>

On p. 5 the magistrate recommends that if Kelley is granted leave to proceed I.F.P. on appeal that it be conditioned upon him paying the outstanding $320.00 sanction fees in the Northern District. ~~That is a recommendation definitely worthy of her subscription.~~ Kelley objects on the grounds that it is a facially impotent endeavor to circumvent Congress's PLRA "three strikes" exceptions clause.

<u>Objection No. 7</u>

Kelley objects to the magistrate's contention

that he was not permitted to amend his petition pursuant to Rule 15(a), F.R.Civ.P. Rule 15(a) is plainly applicable to a Rule 27 proceeding and no leave of Court is required for the petitioners to amend once as a matter of course as provided by Rule 15(a), F.R.Civ.P. Her reference to <u>Nevada v. O'Leary</u>, 63 F.3d 932 (9th Cir. 1995) is a misplaced non sequitur. Rule 12 F.R.Civ.P. and Rule 15(a) are of entirely different natures. Besides, simply because Rule 12 may not apply to a Rule 27 proceeding, it does not necessarily follow that Rule 15(a) doesn't either.

Objection No. 8

The magistrate further lies at p.6 when she claims that Kelley has shown no "suggestion of unique circumstances as required under Rule 27." Of course, in reality, prison personnel's destruction of evidence substantiating prisoner claims of denial of access to courts is NOT a "unique circumstance" in the context of the prisoner's world. And, understanding as he does the magistrate's malice, it is readily

8

apparent to him and obvious how she could "fail" to see Kelley's circumstances as "unique"; after all, he's only subjected to <u>daily</u> tortures which are ruining his health and exposed to deadly temperature extremes and situational risks of death by asphyxiation. What's so "unique" about that in the Texas prison system? What's so "unique" in the fact that prison personnel will not provide the petitioners enough paper to bring these claims, and then destroy the evidence of that deprivation? Nothing.

The magistrate conveniently ignores too pp. 14-18 of Kelley's <u>Amended Petition</u> and p. 5 of his <u>Declaration #1</u> attached thereto.

<u>Objection No. 9</u>

The magistrate claims Kelley has failed to establish a need to preserve testimony under Rule 27 in advance of litigation. That begs the situation, especially where in her next sentence she claims "the contemplated §1983 action could simply have been filed and discovery undertaken." Without sufficient paper? <u>HELLO</u>!?

9

## Objection No. 10

At footnote 4, the magistrate claims that the other petitioners in this action could file their lawsuit and engage in discovery. Would she treat _their_ claims fairly? Doubtful.

The magistrate willingly discounts these petitioner's argument that most all but Kelley are ~~functionally illiterate~~. There is scarcely a doubt in Kelley's mind that the magistrate would deal just as harshly and be just as unreasonable in treatment of their claims should they initiate a simple forma presentation according to her formula. The fact of the matter is that the other petitioners sought Kelley's assistance, have identical claims, and have absolutely NO CHANCE of surviving the magistrate's biased onslaught if left to their own resources.

## Objection No. 11

Kelley objects to the magistrate's unbridled excursions into things extrinsic to this action. MAGISTRATUS - "In the civil law, a magistrate. A judicial officer who had the power of hearing and determining causes,

10

<u>but whose office properly was to inquire into matters of law, as distinguished from fact."</u> Black's Law Dictionary, 6th Ed. [Emphasis Supplied]

<u>Conclusion</u>

For whatever little worth it may be, without regard to the knowledge that no difference it will make, this petitioner makes known to this Court that the office of magistrate in this Corpus Christi Division, specifically Jane Cooper-Hill and B. Janice Ellington, fills this petitioner with absolute <u>LOATHING</u> and strains ultimately his ability to subscribe this instrument soberly and in sincerety as rendered <u>infra/post</u>.

For all of the foregoing reasons, Kelley hereby <u>OBJECTS</u> specifically and generally to all aspects of the magistrate Jane Cooper-Hill's Memorandum and Recommendation entered in this action on April 30, 1999.

Respectfully submitted,

*[signature]*
William Steed Kelley, Pro Se