# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED DEC 02 2003**
G. PATRICK MURPHY
DISTRICT JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS, ILLINOIS

| | |
|---|---|
| MICHAEL R. ENGLE, ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL NO. 03-710-WDS |
| THE PURDUE PHARMA COMPANY, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE FREDERICK COMPANY, THE P.F. LABORATORIES, INC., THE ABBOTT LABORATORIES, AND ABBOTT LABORATORIES, INC., ) | |
| Defendants. ) | |
| and ) | |
| ANNA SUE ERMAN, ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL NO. 03-711-WDS |
| THE PURDUE PHARMA COMPANY, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE FREDERICK COMPANY, THE P.F. LABORATORIES, INC., THE ABBOTT LABORATORIES, AND ABBOTT LABORATORIES, INC., ) | |
| Defendants. ) | |
| and ) | |
| KAY H. FREUND, ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL NO. 03-712-GPM |

H-04 2407

CERTIFIED TRUE COPY
Norbert G. Jaworski, Clerk
BY: [signature] Deputy Clerk
DATE: 12/02/03

Page 1 of 7

| | |
|---|---|
| THE PURDUE PHARMA COMPANY, ) <br> PURDUE PHARMA L.P., PURDUE ) <br> PHARMA INC., PURDUE FREDERICK ) <br> COMPANY, THE P.F. LABORATORIES, ) <br> INC., THE ABBOTT LABORATORIES, ) <br> AND ABBOTT LABORATORIES, INC., ) <br> ) <br>               Defendants. ) <br> ) <br> and ) <br> ) <br> CHELLY GRIFFITH, ) <br> ) <br>               Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE PURDUE PHARMA COMPANY, ) <br> PURDUE PHARMA L.P., PURDUE ) <br> PHARMA INC., PURDUE FREDERICK ) <br> COMPANY, THE P.F. LABORATORIES, ) <br> INC., THE ABBOTT LABORATORIES, ) <br> AND ABBOTT LABORATORIES, INC., ) <br> ) <br>               Defendants. ) <br> ) <br> and ) <br> ) <br> CATHY L. KRESSER, ) <br> ) <br>               Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE PURDUE PHARMA COMPANY, ) <br> PURDUE PHARMA L.P., PURDUE ) <br> PHARMA INC., PURDUE FREDERICK ) <br> COMPANY, THE P.F. LABORATORIES, ) <br> INC., THE ABBOTT LABORATORIES, ) <br> AND ABBOTT LABORATORIES, INC., ) <br> ) <br>               Defendants. ) <br> ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL NO. 03-713-GPM <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL NO. 03-714-MJR |

and

SHARI J. SANDERS,

        Plaintiff,

vs.                                     CIVIL NO. 03-715-WDS

THE PURDUE PHARMA COMPANY, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE FREDERICK COMPANY, THE P.F. LABORATORIES, INC., THE ABBOTT LABORATORIES, AND ABBOTT LABORATORIES, INC.,

        Defendants.

and

DANIEL B. TIMMONS,

        Plaintiff,

vs.                                     CIVIL NO. 03-716-MJR

THE PURDUE PHARMA COMPANY, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE FREDERICK COMPANY, THE P.F. LABORATORIES, INC., THE ABBOTT LABORATORIES, AND ABBOTT LABORATORIES, INC.,

        Defendants.

and

ERNESTO P. WILLIAMS,

        Plaintiff,

vs.                                     CIVIL NO. 03-717-MJR

THE PURDUE PHARMA COMPANY,

PURDUE PHARMA L.P., PURDUE )
PHARMA INC., PURDUE FREDERICK )
COMPANY, THE P.F. LABORATORIES, )
INC., THE ABBOTT LABORATORIES, )
AND ABBOTT LABORATORIES, INC., )
                                )
    Defendants.                 )

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

The above-captioned cases were filed on October 31, 2003. They all are related to and share common issues with each other. Plaintiffs in the eight cases are represented by the same lawyers, have sued the same Defendants, and have asserted the same claims related to their use of the drug OxyContin. Because the issues and parties involved substantially overlap, these cases should be handled by a single District Judge. *See, e.g., Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Quifax Check Services, Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). Moreover, for purposes of docket control, the Court finds that the cases should be consolidated. Accordingly, these actions are **CONSOLIDATED** into the earliest-filed action, civil case number 03-710, and the consolidated action is **TRANSFERRED** to the undersigned District Judge. All future filings shall bear civil case number 03-710-GPM. This consolidated action is assigned to United States Magistrate Judge Clifford J. Proud. At a later time and if the parties so request, the Court may consider whether the claims of each Plaintiff should be severed for trial.

Additionally, the Court, on its own motion, has reviewed the complaints to determine

whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiffs allege that jurisdiction is proper in this Court under the diversity of citizenship statute, 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. As pleaded in the complaints, Plaintiff Engle is a citizen of West Virginia, Plaintiff Erman is a citizen of Arkansas, Plaintiff Freund is a citizen of Wisconsin, Plaintiff Griffith is a citizen of Iowa, Plaintiff Kresser is a citizen of Arizona, Plaintiff Sanders is a citizen of California, Plaintiff Timmons is a citizen of Florida, and Plaintiff Williams is a citizen of Texas. These allegations are proper. A problem arises, however, with Plaintiffs' allegations regarding the citizenship of certain Defendants.

For purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Consequently, a corporation often will be a citizen of more than one state. While the allegations that Defendants Purdue Pharma Inc., Purdue Frederick Company, The P.F.

Laboratories, Inc., The Abbott Laboratories, and Abbott Laboratories, Inc., have their principal places of business "in a State other than the State of [Plaintiffs' citizenship]" are not very specific, they are sufficient to survive this Court's initial review. *See* Form 2(a), Appendix of Forms to the Federal Rules of Civil Procedure. However, an unincorporated business entity is treated as a citizen of every state of which any partner or member is a citizen. *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316-17 (7th Cir. 1998). Therefore, Plaintiffs must plead the name and citizenship of each and every partner of Defendants The Purdue Pharma Company and Purdue Pharma L.P.

With respect to the amount in controversy, each Plaintiff has alleged that he or she has sustained the following damages: drug addiction; painful drug withdrawal; depression; physical and mental pain and suffering, mental anguish, and loss of capacity for the enjoyment of life; and loss of the ability to earn money in the future (Doc. 1, ¶ 85). Consequently, Plaintiffs each seek damages in excess of $75,000, exclusive of interest and costs (*Id.* at ¶¶ 17, 117). In light of all of the allegations contained in the complaints, the Court finds that Plaintiffs' allegations regarding the amount in controversy satisfy the stringent review required under *Smith*, 337 F.3d 888.[1]

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is unable to determine whether Plaintiff can establish the diverse citizenship requirement by more appropriate allegations. *See Tylka*, 211 F.3d at 447 (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a

---

[1]The Court notes that a plaintiff's damages cannot be aggregated among multiple defendants to satisfy the amount in controversy requirement. *See generally* 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3704 (3d ed. 1998). Therefore, the Court has considered each Plaintiff's potential damages against each Defendant.

court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).

Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiffs are **ORDERED** to file an **amended consolidated complaint** on or before **December 22, 2003**, to cure the insufficiencies identified herein. Plaintiffs are directed to consult revised Local Rule 15.1 of the United States District Court for the Southern District of Illinois regarding amended pleadings. If Plaintiffs fail to file an amended complaint in the manner and time prescribed or if, after reviewing the amended complaint, the Court finds that Plaintiffs cannot establish diversity jurisdiction under 28 U.S.C. § 1332, the Court will dismiss the action for lack of subject matter jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear").

**IT IS SO ORDERED.**

DATED this _02d_ day of _Dec._, 2003.

_G. Patrick Murphy_
G. PATRICK MURPHY
Chief United States District Judge



```
CASE:      3:03-cv-00717
DOCUMENT:  3
DATE:      12/02/03
CLERK:     js
```

Orders/Notices will be sent to:

 Tor Hoerman, 618-259-2251 fax
John Simmons, 618-259-2251 fax
Jeffrey Cooper, 618-258-0379 fax
Nathaniel Mudd, 618-259-2251 fax