IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TECHRADIUM, INC.<br>　　Plaintiff<br><br>v.<br><br>TWITTER, INC.<br>　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:09-cv-02490<br>J. Rosenthal<br>Jury |

**UNOPPOSED MOTION TO STAY LITIGATION PENDING
USPTO REEXAMINATION OF PATENT NO. 7,130,389**

Plaintiff, TechRadium, Inc., files this unopposed motion to requesting that this litigation be stayed pending resolution of a reexamination of the patent-in-suit by the United States Patent and Trademark Office.

### INTRODUCTION

This is a patent infringement case in which Plaintiff alleges infringement of U.S. Patent No. 7,130,389 (the '389 patent). The Defendant denied infringement and asserted that the patents are invalid and unenforceable. Per order of the Court this case has been bifurcated into a claim construction phase and an invalidity/infringement/damages phase, and the case is currently in the claim construction phase. Plaintiff has filed its opening Claim Construction Brief and Defendant's response brief is due on August 6, 2010.

Pursuant to 35 U.S.C. § 301 *et seq.*, an ex parte reexamination of the '389 patent was filed with the USPTO on grounds that certain newly discovered prior art raises a substantial new issue of patentability. A copy of the Request for Ex Parte Reexamination Transmittal Form dated July 23, 2010 is attached as Exhibit A. As a result the USPTO will issue an order which is

likely to alter some of the claims of the patent, which in turn has significant ramifications for this litigation.

**Argument and Authority**

Granting a stay is within the discretion of the Court. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis .v N. Am. Co.,* 299 U.S. 248, 254 (1936). This includes the authority to issue a stay pending a USPTO patent reexamination. *Ethicon, Inc . v. Quigg*, 849 F .2d 1422, 1427 (Fed .Cir . 1988).

In deciding whether to grant an *opposed* motion to stay litigation pending reexamination, courts typically consider: (1) whether a stay will cause undue prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify the issues in question and trial of the case. *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 U.S. Dist. LEXIS 28648 (S.D. Tex. Mar. 24, 2010) citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). This Motion is unopposed, the case is in its earliest stages, and a stay will likely simplify the case, so these considerations are met.

A stay has been found to benefit the district court proceedings upon the completion of a reexamination because:

- Prior art presented to the Court will have been first considered by the USPTO, with its "particular expertise";

- Discovery problems relating to prior art can be alleviated by the USPTO examination;

- The outcome of the reexamination may encourage a settlement without the further use of the Court;

- The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

- The reexamination will at least most likely result in a narrowing and simplifying of the issues before the Court, and the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain; and,

- The cost will likely be reduced both for the parties and the Court.

*See*, *Premier Int'l Associates, LLC v. Hewelett-Packard Co.*, 554 F.Supp. 2d 717, 720 (E.D. Tex. 2008), *EchoStar Techs. Corp. v. TiVo, Inc.*, 2006 U.S. Dist. LEXIS 48431, 10-6 (E.D. Tex. July 14, 2006), *Tesco Corp. v. Varco I/P, Inc.*, 2006 U.S. Dist. LEXIS 82047 (S.D. Tex. Nov. 9, 2006) and cases cited therein.

The parties have agreed that, notwithstanding the delay, staying this case pending reexamination will likely promote judicial economy and decrease the expenses of litigation. Many courts in the Southern District of Texas have determined that a stay pending reexamination is appropriate. *See, e.g., Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 U.S. Dist. LEXIS 28648 (S.D. Tex. Mar. 24, 2010) (opposed motion before Judge Werlein); *Ascend Geo, LLC v. OYO Geospace Corp.,* 2009 U.S. Dist. LEXIS 115561 (S.D. Tex. Dec. 11, 2009) (unopposed motion before Judge Atlas); *Automated Bus. Cos. v. ENC Tech. Corp.*, 2009 U.S. Dist. LEXIS 91177, *11 (S.D. Tex. Sept. 30, 2009) (Judge Lake);  *Safoco, Inc. v. Cameron Int'l Corp.*, 2009 U.S. Dist. LEXIS 128755, *4 (S.D. Tex. Apr. 8, 2009) (Judge Lake / Magistrate Johnson); *Tesco Corp. v. Varco I/P, Inc.*, 2006 U.S. Dist. LEXIS 82047 (S.D. Tex. Nov. 9, 2006) (Judge Rosenthal);  *Weatherford Int'l, Inc. v. Casetech Int'l, Inc.*, 2006 U.S. Dist. LEXIS 12195 (S.D. Tex. Mar. 8, 2006) (Motion brought by Plaintiff.  Judge Ellison).

The parties request (i) that if it becomes apparent that the stay is no longer fulfilling its intended purpose, either party may petition the court to lift the stay; (ii) that if testimony or other evidence relevant and important to the case are in danger of becoming unavailable, then either

party may petition the court to preserve such evidence, and (iii) that when the stay is lifted, a scheduling order structured similarly to the current scheduling order be put in place.

WHEREFORE Plaintiff requests that the Court enter an order staying this case until such time as the United States Patent and Trademark Office issues its decision in the reexamination of the '389 patent, or until such other time as the Court deems appropriate.

Respectfully submitted,

/s/   *W. Shawn Staples*
W. Shawn Staples
TBN 00788457 ▪ S.D.Tex. No. 17122
The Mostyn Law Firm
3810 W. Alabama St. ▪ Houston, Texas 77027
Tel: 713-861-6616 ▪ Fax: 713-861-8084
Email: wsstaples@mostynlaw.com
Attorney in Charge for TechRadium, Inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 22, 2010 I conferred with David Schumann, attorney for Defendant, and the Defendant is unopposed to the relief requested in this Motion.

/s/ *W. Shawn Staples*
W. Shawn Staples

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2010 a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1.  The notice of electronic filing generated by the ECF system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

/s/ *W. Shawn Staples*
W. Shawn Staples